TAX COMMISSION v. PAXSON, Admr. et.

Ohio Supreme Court.

No. 20672. Decided Jan. 18, 1928.

Error to Fayette Appeals.

Rev. in pt.; aff. in pt.

**635. INHERITANCE TAXES**—Succession to property devised to trustees for charitable purposes, making trustees sole judge as to who should be beneficiaries of the fund; is not exempt from inheritance tax under 5334 GC.

ALLEN, J.

A testator devised a trust fund to certain trustees and their successors for charitable purposes, directing that the trustees and their successors should "be the sole judges as to the persons qualified and entitled to have the benefits of said fund, and the purposes for which said expenditures shall be made, within the general spirit of the purposes for which this bequest is made." Held, that the succession to such property is not exempt from the inheritance tax under Section 5334, General Code.

(Marshall, CJ., Robinson, Jones and Matthias, JJ., concur.)

---

COLUMBUS & ZANES. TRANSP. CO. v. P. U. C.

Ohio Supreme Court.

No. 20728. Decided Jan. 18, 1928.

**793. MOTOR VEHICLES.**—Misrepresentation, by persons desiring to operate a bus line, as to incorporation and capital stock, in statements as to their proceedings to obtain a certificate of public convenience, justify the Public Utilities Commission in refusing such commission or in recalling and cancelling it if one has been issued.

Error to the P. U. C.

Order affirmed.

(Continued on Page 50)

---

MULLINS et v. WEBB et.

Ohio Appeals, 4th Dist., Scioto Co.

B. F. Kimble, Portsmouth, for Mullins.

Blair & Blair, Portsmouth, and Corn & Jenkins, Ironton, for Webb.

**85. APPEALS—70. Amendments.**

MAUCK, J.

1. Appeal bond, filed after period prescribed by Section 12226 GC. is wholly ineffective.

2. Power to amend any process by adding or striking names of parties or correcting mistake, granted court under 11363 GC. is to be exercised liberally.

3. Where time is of essence of an act, court cannot by amendment avoid effect of statute prescribing time limit.

4. Appeal bond is based on consideration that it stays right to immediately realize on judgment, and, where filed long before decree was entered in violation of 12226 GC. it is void, and court cannot, under 11363 GC. permit defendants to change, renew, or give new bond, or substitute a different date for filing so as to bring bond within statutory period for filing bond.

(Middleton, J., concurs. Sayre, PJ., not participating.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

POWERS v. MALAVAZOS.

Ohio Appeals, 4th Dist., Scioto Co.

W. J. Meyer and Geo. M. Osborn, Portsmouth, for Powers.

A. H. Bannon and E. G. Millar, Portsmouth, for Malavazos.

**45. ADVERSE POSSESSION.**

MIDDLETON, J.

1. Deed purporting to grant land to which the grantor had no legal title held to give the grantee "color of title" for purpose of securing adverse possession of entire tract by actual possession of part of tract purported to have been granted.

2. One not having color of title to real estate may acquire title by adverse possession, only to that part of the real estate of which he was in actual possession.

3. Where a person has color of title to a tract of real estate, actual possession of a portion of the tract is, for the purpose of adverse possession, constructively extended to take entire tract unless the other party shows an adverse possession in him.

4. Ordinarily the possession of a tenant is possession of his landlord.

5. Where for 21 years there is a continuous and successive adverse possession of successive occupants of land between whom there is a privity, such possession will ripen into title.

6. Adverse possession may be made or continued by a landlord or by his tenant for him.

(Mauck, J., concurs. Sayre, PJ., not participating.)

For reference to full opinions, see Omnibus Index, last page, this issue.